FILED

2006 Sep-19  AM 09:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TERRIE OUTLIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 2:06-CV-147-VEH** |
| ) | |
| **THE JEFFERSON COUNTY** ) | |
| **BOARD OF HEALTH, THE** ) | |
| **JEFFERSON COUNTY** ) | |
| **PERSONNEL BOARD,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION</u>

Pending before the court is the Motion to Dismiss Plaintiff's Amended

Complaint (Doct. 22), filed by Defendant, the Jefferson County Personnel Board

(hereinafter "JCPB").  Plaintiff Terrie Outlin (hereinafter "Outlin") brought this

action against her employer, the Jefferson County Board of Health (hereinafter

"JCBH"), under 42 U.S.C. § 1983 for alleged violations of her substantive and

procedural due process rights under the Fourteenth Amendment to the United

States Constitution.  On July 11, 2006, Outlin filed an Amended Complaint (Doct.

18), in which she named JCPB as an additional defendant.  On July 31, 2006,

JCPB filed its Motion to Dismiss Plaintiff's Amended Complaint (Doct. 22).

For the reasons set forth herein, JCPB's Motion to Dismiss the Amended

Complaint is due to be **GRANTED**.

## I.    FACTUAL AND PROCEDURAL HISTORY

Outlin entered employment with JCBH in March 1996.  (Verified Compl. ¶ 5).  In 1997, she became the Program Manager of JCBH's STD Clinic.  (Id.).  Outlin held this position when she initiated the current action.  (Id.).

In 2001, JCBH attempted to demote Outlin to the position of Disease Intervention Specialist.[1]  (Verified Compl. ¶ 6).  Outlin protested the demotion before JCPB.  (Id.).  In January 2003, JCPB concluded that the demotion was wrongful and ordered JCBH to reinstate Outlin to her former position.  (Id.).  JCBH appealed this order to the Circuit Court of Alabama, which affirmed JCPB's decision by a three-judge panel.  (Id.).  The Alabama Court of Civil Appeals subsequently affirmed JCPB's decision without opinion.  (Id.).

Also in 2001, JCBH suspended Outlin for four days without pay for being absent without leave.  (Verified Compl. ¶ 7).  In her 2001 performance review, Outlin was given several ratings of "below expectations," apparently based on the same infractions for which she had been suspended.  (Id.).  Outlin unsuccessfully protested the review before JCPB.  (Verified Compl. ¶ 8).  On June 4, 2004, a three-judge panel of the Circuit Court of Jefferson County held that Outlin's 2001

_____

[1]JCBH's reason for this demotion is unclear.

suspension had been wrongful.  (Id.).  JCBH, however, did not grant Outlin

another performance review for that year, and failed to give her reviews for 2002,

2003, and 2004.  (Verified Compl. ¶ 9, Amended Compl. ¶¶ 6-7).  Outlin alleges

that JCBH failed to give her these reviews because JCPB did not provide it with

appraisal forms for Outlin for those years.  (Amended Compl. ¶¶ 6-7).

Because JCBH did not give Outlin performance reviews for 2001 through

2004, Outlin did not receive a merit increase for four consecutive years.  (Verified

Compl. ¶ 10).  Additionally, although Outlin's four-day suspension in 2001 was

determined to have been wrongful, Outlin did not receive back pay to compensate

her for those days.  (Verified Compl. ¶ 11).

In a letter dated March 30, 2005, Outlin demanded that JCBH conduct her

performance reviews for 2001-2004 and provide her with appropriate merit raises,

back pay, and performance incentives.  (Verified Compl. ¶ 11).  In response,

JCBH conducted "generally favorable" reviews for 2002-2004, but failed to

conduct a review for 2001.  (Verified Compl. ¶ 12).

In May 2005, JCBH calculated the amount of back pay it owed Outlin based

on the 2002-2004 reviews and paid Outlin by direct deposit into her bank account

with her regular paycheck.[2]  (Verified Compl. ¶ 13).  Outlin asserts that JCBH improperly failed to include her in its calculation process or provide her with an accounting for the amount it paid her.  (Id.).

In a letter dated April 26, 2005, Outlin explained to JCBH that she had been deprived of her property rights, which consisted of annual performance reviews and the proper amount of back pay.  (Verified Compl. ¶ 14).  JCBH responded that it had paid Outlin all amounts it owed her and that the matter had been resolved. (Id.).

Outlin initiated this action on January 24, 2006.  (Doct. 1).  She alleges that JCBH's failure to provide her with annual performance reviews, merit increases, and back pay constituted a violation of her substantive and procedural due process rights.  (Verified Compl. ¶¶ 1, 17).  On February 14, 2006, JCBH responded by filing a Motion to Dismiss all of Outlin's claims with prejudice.  (Doct. 5).  On August 21, 2006, this court granted JCBH's Motion in part and denied it in part, dismissing all of Outlin's substantive due process claims and part of her procedural due process claims.  (Doct. 24).

On July 11, 2006, Outlin added JCPB as a defendant to this action and

---

[2]The amount to which Outlin is entitled, and the amount JCBH actually paid her, are both in dispute.

4

asserted both her substantive and procedural due process claims against it.  (Doct. 18).  On July 31, 2006, JCPB responded by filing its Motion to Dismiss Outlin's Amended Complaint with prejudice.  (Doct. 22).

## II      STANDARD OF REVIEW

The court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims which would entitle her to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957).  In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party."  *Dacosta v. Nwachukwa,* 304 F.3d 1045, 1047 (11th Cir. 2002), citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998).

"[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  *Dalyrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003), quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036, n. 16 (11th Cir. 2001).  "A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks v. Blue Cross & Blue Shield of Florida*, *Inc.*, 116 F.3d 1364, 1369 (11th

5

Cir. 1997) (emphasis in original), citing *Robertson v. Johnston*, 376 F.2d 43 (5th

Cir. 1967). "The threshold of sufficiency that a complaint must meet to survive a

Motion to Dismiss for failure to state a claim is . . . exceedingly low." *Ancata v.*

*Prison Health Serv., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985), quoting *Quality*

*Foods de Centro America, S.A. v. Latin American Agribusiness Dev.*, 711 F.2d

989, 995 (11th Cir. 1983).

## III.   ANALYSIS

Outlin argues that JCPB violated her due process rights by failing to provide

JCBH with appraisal forms that would have enabled JCBH to give her

performance reviews in 2003 and 2004.[3]  In response, JCPB argues that it cannot

be forced to defend Outlin's claims because it is a State agency entitled to

sovereign immunity.  In the alternative, JCPB argues that Outlin is not entitled to

relief because both her  substantive and procedural due process claims fail as a

matter of law.

### 1.   Sovereign Immunity

JCPB points to both the Eleventh Amendment to the United States

Constitution and § 14 of the Alabama Constitution as providing it with sovereign

---

[3] Because Outlin's claims for her 2001 and 2002 performance reviews have been
dismissed (Doct. 24), only Outlin's 2003 and 2004 claims remain before the court.

immunity.  See *Abusaid v. Hillsborough County Bd. Of County Com'rs*, 405 F.3d

1298 (11th Cir. 2005), and *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed.2d

842 (1890).

Outlin contends that JCPB is not an arm of the State entitled to immunity

from her claims.  She asserts that because JCPB is a separate entity from the State

Personnel Board, which governs the employment affairs of state agencies, it

cannot be considered a State agency for purposes of this action.  Ala. Code 1975 §

36-26-1, *et seq*.  Outlin supports this argument by citing to 1945 Ala. Act 248

("the Enabling Act"), by which the Alabama Legislature created countywide merit

systems for counties with more than 400,000 citizens, separate from the State

Merit System.  (1945 Ala. Act 248).  Because JCPB is not part of the State Merit

System, but operates independently of the State in its conduct of employment

matters, Outlin argues that JCPB's assertion of arm-of-the-State immunity is

misplaced.

To determine whether Outlin is correct in this argument, the Court must

examine the extent to which the Enabling Act removes JCPB from arm-of-the-

State status.  As previously stated, the Enabling Act applies only to counties with

populations that exceed 400,000 citizens.[4]  Counties with fewer than 400,000

citizens belong to the State Merit System, in which the State Personnel Board

oversees personnel matters within the State civil service.  Ala. Code 1975 § 36-26-

1, *et. seq*.

This Court recently held that JCBH is not a State agency within the

language of the Enabling Act or the Alabama Code when it conducts employment

matters.  (Doct. 23).  No court has decided whether JCPB is likewise independent

from the State Merit System such that it is also precluded from asserting the

State's immunity from Outlin's claims.  If the Enabling Act sufficiently separates

JCPB from the State Merit System such that it cannot partake in the State's

immunity, it will be compelled to defend against Outlin's due process claims.

### 1.   *Abusaid* and the four-factor analysis

Outlin points to the Eleventh Circuit decision in *Abusaid* in support of her

argument that JCPB is not a State agency.  405 F.3d at 1303.  In *Abusaid*, the

plaintiff sued both Hillsborough County and the Hillsborough County sheriff for

allegedly violating his due process rights by enforcing a local dance hall ordinance

that harmed the plaintiff's business.  405 F.3d at 1298.  Both defendants asserted

---

[4] According to the United States Census Bureau, Jefferson County housed a
population exceeding 400,000 at all times relevant to the present case.

Eleventh Amendment sovereign immunity against the plaintiff's § 1983 claims.

405 F.3d at 1302.

Concluding that the sheriff did not act as an arm of the State when he enforced the local ordinance, the court explained that

> the law is "well-settled that Eleventh Amendment immunity bars suits brought in federal court when an 'arm of the State' is sued." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (*en banc*).  The more difficult question–whether the entity sued is an arm o the state–"must be assessed in light of the particular function in which the defendant was engaged when taking the actions out of which liability is asserted to arise." *Id.*  As the Supreme Court has explained in determining whether a sheriff is a state or county policy maker for purposes of a § 1983 action, "the question is not whether [the sheriff] acts for [the state] or [the county] in some categorical, 'all or nothing' manner," but rather whether the sheriff is acting for the state "in a particular area, or on a particular issue." *McMillan v. Monroe County*, 520 U.S. 781, 785, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997).

*Abusaid*, 405 F.3d at 1303.

The pertinent function in the present case is JCPB's conduct of employment matters.  With this particular focus, the court must consider: (1) how JCPB is defined by Alabama law; (2) the degree of State control over JCPB; (3) the source of JCPB's funds; and (4) whether the State must pay for judgments entered against JCPB.  *Abusaid*, 405 F.3d at 1303.  If these factors weigh in favor of arm-of-the-State status, the court must find that JCPB is entitled to assert sovereign immunity against Outlin's claims.

9

**a.     JCPB's status under Alabama law**

JCPB cites to two cases that appear to classify it as a State agency.  See

*Bathgate v. Mobile Co. Bd. of School Com'rs*, 689 So.2d 109 (Ala.Civ.App.

1996); *Davenport v. Neely*, 7 F.Supp.2d 1219 (M.D.Ala. 1998).  However, in

neither of these cases is JCPB specifically classified as a State agency; on the

contrary, the courts in both cases consider the status of agencies that are not

subject to the Enabling Act.[5]

The Court has found no provision in Alabama statutory or case law that

specifically designates JCPB as either an arm of the State or an independent entity

for purposes of Eleventh Amendment sovereign immunity.

The language of the Enabling Act appears to classify JCPB as a separate

and distinct entity from the State Merit System.  Ala. Code 1975 § 36-26-1, *et seq.*,

under which the Alabama legislature created the State Personnel Department,

specifically excepts from its coverage county health departments that belong to a

countywide merit system, such as JCBH.  Ala. Code 1975 § 36-26-83.  Pursuant to

the Enabling Act, JCBH's employees are covered by a countywide merit system

---

[5] In *Bathgate*, the court held that Mobile County is a State agency in 1996.  That year, Mobile County housed a population of 396,163, and was therefore not covered by the Enabling Act at the time *Bathgate* was decided.  In *Davenport*, the United States District Court for the Middle District of Alabama held that the State Department of Public Health was a State agency.  Because the Enabling Act applies only to counties, *Davenport* has no bearing on JCPB's status under the Enabling Act.

that is governed by JCPB rather than the State Personnel Board.  See 1945 Ala. Act 248, § 2.  Outlin has pointed to no provision in the Alabama Code or the Enabling Act that indicates that JCPB is answerable to the State Personnel Board or is in any way connected to that State such that it should be classified as a State agency or an arm of the State.  Hence, this element of the four-factor test weighs against arm-of-the-State status for JCPB.

### b.      Degree of State control over JCPB

The court has found no provision in the Enabling Act that provides for State authority over JCPB.  The Enabling Act sets out specific commands for JCPB to follow, but it otherwise allows JCPB to determine how to carry out those commands on its own.  For example, § 2 of the Enabling Act provides JCPB with the authority to request a hearing before it to allow independent contractors to perform work for the county that could otherwise be performed by county employees.  JCPB is also empowered to prescribe conditions and limitations upon which construction work may be performed under the Enabling Act.  1945 Ala. Act 248, § 2.

JCPB also has considerable discretion in granting permanent status to county employees.  1945 Ala. Act 248, § 10.  JCPB has authority to appoint a Personnel Director and may terminate the services of the Director at its will.  1945

Ala. Act 248, § 11.  The Director's duties are assigned to him or her by JCPB, not the State.  Id.  The Director's salary must be fixed by JCPB; by contrast, the State Personnel Director's salary is fixed by the State Personnel Board, but is then subject to approval by the governor of Alabama.  Ala. Code 1975 § 36-26-7.  The Enabling Act contains no reference to similar control by the State over the county Director's salary.

JCPB is also authorized to prescribe rules and regulations for the giving of employee performance reviews.  1945 Ala. Act 248, § 17.  Furthermore, JCPB may approve or disapprove the promotion of employees in its own discretion. 1945 Ala. Act 248, § 20.  JCPB's decisions regarding the transfer and reinstatement of county employees are final, apparently not subject to review by the State.  1945 Ala. Act 248, § 21.  JCPB has final approval authority over examinations given to determine merit for the promotion, transfer, or reinstatement of employees.  Id.  Finally, should an employee wish to challenge his or her dismissal, demotion, or suspension, such appeals are heard by JCPB, whose decision on the matter is final. 1945 Ala. Act 248, § 22.

Nowhere in the Enabling Act has the court found any provision indicating that the State has final control or authority over JCPB in its exercise of these duties.  On the contrary, JCPB appears to be wholly independent from the State in

carrying out the commands of the Enabling Act.  Consequently, the court finds

that this element of the four-factor test also weighs against arm-of-the-State status

for JCPB.

### c.     Financial support by the State

§§ 4, 8, and 9 of the Enabling Act provide for the funding of the countywide

merit system.  § 4 states that

> [t]he salaries and all other expenses of the Personnel Board, the Personnel
> Director and all others arising under the provisions hereof . . . shall be paid
> by warrants drawn by the Personnel Board . . . on the general fund of the
> county.

§ 4 contains no provision for funding by the State.  § 8 requires the county to pay

for "accommodations" for JCPB and the Personnel Director.  Finally, § 9 provides

for the payment of legal services for JCPB out of the funds of the county rather

than the State.  None of these provisions indicate any degree of financial support

by the State.  Furthermore, JCPB has not directed the Court's attention to any

provision in the Alabama Code or the Enabling Act that requires or even gives the

State the option to provide funding to the countywide merit system.

Consequently, the court finds that this element weighs against arm-of-the-State

status for JCPB.

### d.     Financial responsibility for judgments against JCPB

The Enabling Act does not specifically refer to either the county's or the State's responsibility for judgments entered against JCPB.  The Enabling Act gives JCPB financial independence by requiring that the salaries "and *all other expenses* of the Personnel Board . . . shall be paid [from] the general fund of the county." 1945 Ala. Act 248 § 4.  (Emphasis added).  The Court has found no provision in Alabama law that indicates the State's responsibility for judgments entered against JCPB.  Accordingly, the court finds this element also weighs against arm-of-the-State status for JCPB.

### e.  JCPB is not entitled to Eleventh Amendment sovereign immunity under the four-factor test

JCPB has failed to offer any explanation or argument as to why the provisions of the Alabama Code and the Enabling Act do not preclude it from arm-of-the-State status.  On the contrary, JCPB insists that it is a State agency for all purposes, without engaging in the *Abusaid* four-factor analysis.  However, based on the relevant provisions of the Enabling Act and the Alabama Code, and the extensive use of the *Abusaid* test by the Eleventh Circuit Court, the court has concluded that JCPB is not an arm of the State.  Outlin's claims against it, therefore, may not be dismissed on the basis of Eleventh Amendment sovereign immunity.

14

### 2.    § 1983 applicability to JCPB

JCPB next argues that it is protected from Outlin's § 1983 claims because it is not a "person" for purposes of that statute.  42 U.S.C. § 1983 provides that

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory of the District of Columbia, subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

JCPB argues that it is not a "person" under § 1983 because that term has been held to exclude States.  See *Howlett v. Rose*, 496 U.S. 356, 376, 110 S.Ct. 2430, 2443, 110 L.Ed.2d 332 (1990).  However, while States are excluded from liability under § 1983, the United States Supreme Court has held that counties are not similarly protected.  See *Abusaid*, 405 F.3d at 1314-15, citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 663, 98 S.Ct. 2018, 2021-22, 56 L.Ed.2d 611 (1978).  On the contrary, the Court has concluded that "municipalities and other local government entities are "persons" subject to § 1983 claims.  *Monell*, 436 U.S. at 690, 98 S.Ct. at 2036.  Because this court has concluded that JCPB is not a State agency, it finds no merit in JCPB's argument that it is not a "person" subject § 1983 claims.

### 3.    State sovereign immunity

JCPB next argues that it is entitled to the immunity afforded by Art. I, § 14 of the Alabama Constitution.  § 14 provides that "the State of Alabama shall never be made a defendant in any court of law or equity."  This immunity has been extended to State agencies.  See *Bathgate*, 689 So.2d at 111.

Even if the Court had concluded that JCPB is a State agency otherwise entitled to Alabama immunity, it would nevertheless be subject to an action brought under § 1983.  In *Owen v. City of Independence*, the United States Supreme Court explained that

> [c]onduct by persons acting under color of any state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state law.  A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the [S]upremacy [C]lause of the Constitution insures that the proper construction may be enforced.

445 U.S. 622, 647, n. 30, 100 S.Ct. 1398, 1414, 63 L.Ed.2d 673 (1980).

The Eleventh Circuit Court applied this rule in *Abusaid*, where it concluded that Hillsborough County could not avoid the plaintiff's § 1983 claims by asserting immunity under the Florida Constitution.  405 F.3d at 1314-15.  Similarly, because "state sovereign immunity principles are no bar to § 1983 claims against a county," the Court finds that JCPB may not assert Alabama immunity to shield itself from liability under § 1983.  *Abusaid*, 405 F.3d at 1315.

16

**B.   Due Process**

Having concluded that JCPB is not protected from Outlin's claims under Eleventh Amendment or Alabama immunity, the Court now considers whether Outlin is entitled to relief under either substantive or procedural due process.

**1.   Substantive Due Process**

Outlin argues that she has an enforceable property right in annual performance reviews, merit increases, and back pay because she has a reasonable expectation of receiving them.  She explains that this expectation was created by statute and personnel board regulations.

In her Amended Complaint, Outlin alleges that JCBH's failure to provide her with these entitlements results from JCPB's failure to provide the necessary paperwork to enable JCBH to give her performance reviews during 2003 and 2004.  (Amended Compl. ¶ 18).  JCPB counters that Outlin's substantive due process claim fails because Outlin does not allege that JCPB's failure to provide JCBH with the appropriate evaluation forms deprived her of a fundamental right protected by substantive due process.

Outlin responds that the Jefferson County Personnel Board Rules create an enforceable, "mutually recognizable entitlement" to performance evaluations by providing that she could obtain annual merit increases if she received favorable

17

performance reviews.  Outlin cites to *Ledbetter v. Brown* in support of this

argument.  In *Ledbetter*, 569 F.Supp. 170, 173 (N.D.Ga. 1983), the district court

held that a state employee had a property interest in receiving an expected

promotion.  *Id.*  The court explained that this property interest was created by state

statute as well as personnel board rules and regulations, and was therefore

enforceable against the state.  *Id.*

Despite the decision in *Ledbetter*, binding precedent compels this Court to

reach a different conclusion.  The United States Supreme Court has instructed that

> [t]he federal court is not the appropriate forum in which to review the
> multitude of personnel decisions that are made daily by public agencies.
> We must accept the harsh fact that numerous individual mistakes are
> inevitable in the day-to-day administrations of our affairs.  The United
> States Constitution cannot feasibly be construed to require federal judicial
> review for every such error. . . .  The Due Process Clause of the Fourteenth
> Amendment is not a guarantee against incorrect or ill-advised personnel
> decisions.

*Bishop v. Wood*, 426 U.S. 341, 349-50, 96 S.Ct. 2074, 2080, 48 L.Ed.2d 684

(1976).

The Eleventh Circuit Court applied this rule in *McKinney v. Pate*, where it

declined to extend Fourteenth Amendment protection to the plaintiff's asserted

property interest in his employment after he alleged that he had been wrongfully

terminated.  20 F.3d 1550, 1556 (11th Cir. 1994).  The court explained that

18

[a]lthough the Supreme Court has extended substantive due process
protection to certain unenumerated rights, it has not extended Fourteenth
Amendment coverage to a host of other areas. . . . The doctrine of judicial
self-restraint requires us to exercise the utmost care whenever we are asked
to break new ground in this field. . . . Hence, remaining largely outside the
scope of substantive due process jurisprudence [is] public employment law.
. . .  In short, areas in which substantive rights are created only by state law
(as is the case with . . . employment law) are not subject to substantive due
process protection under the Due Process Clause because "substantive due
process rights are created only by the Constitution. . . ."  As a result, these
state law based rights constitutionally may be rescinded so long as the
elements of procedural–not substantive–due process are observed.

*Id.*, quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S.Ct. 507,

515, 88 L.Ed.2d 523 (1985), citing *Bishop v. Wood*, 426 U.S. at 350, 96 S.Ct.

2074, 2080.

In light of established precedent, the Court cannot find that, as to JCPB,

Outlin has suffered the loss of a property right that is protected by substantive due

process.  Consequently, in order to prevail on her claim, Outlin must show that

JCPB's conduct resulted in a deprivation of her right to procedural due process.

## 2.   Procedural Due Process

Outlin "has a procedural due process claim if she can show the deprivation

of a property or liberty interest."  *Gilder-Lucas v. Elmore Co. Bd. of Educ.*, 399

F.Supp.2d 1267, 1272 (M.D.Ala. 2005), citing *Logan v. Zimmerman Brush Co.*,

455 U.S. 422, 430, 102 S.Ct. 1148, 1155, 71 L.Ed.2d 265 (1982).  "The hallmark

of property . . . is an individual entitlement grounded in state law, which cannot be removed except 'for cause.'" *Logan*, 455 U.S. at 430, 102 S.Ct. 1148, 1155, quoting *Memphis Light, Gas, & Water Div. v. Craft*, 436 U.S. 1, 11-12, 98 S.Ct. 1554, 1561-62, 56 L.Ed.2d 30 (1978).  "A constitutionally protected property interest is created if there are 'rules or mutually explicit understandings that support [a] claim of entitlement."  *Warren v. Crawford*, 927 F.2d 559, 562 (11th Cir. 1991), quoting *Perry v. Sinderman*, 408 U.S. 564, 569, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).

Outlin argues that Jefferson County Personnel Board Rule 8.2 creates a constitutionally-protected property interest in annual performance evaluations. Rule 8.2(c) provides in relevant part:

> [s]alary advancement within established Pay Grades shall be based on meritorious performance on the job. . . .  An efficiency review reflecting satisfactory performance shall be required for advancement. . . .  A Classified Employee [which includes employees of JCBH] shall be eligible for future one-step annual increases until such time as the Classified Employee reaches the maximum Pay Step for the Pay Grade.

This Court previously held that Rule 8.2(c) entitles Outlin to annual performance reviews.  (Doct. 23).  Consequently, JCBH's failure to provide Outlin with performance reviews for 2003 and 2004 violated Outlin's procedural due process right because Rule 8.2(c) supplied Outlin with a reasonable expectation

that she would receive them.

The Court must now determine whether JCPB is, as Outlin claims, responsible for JCBH's deprivation of her procedural due process right.  The most relevant provision of the Enabling Act provides that

> [t]he Director of Personnel shall obtain, rate and preserve the records of individual efficiency of all persons holding positions under the provisions of this Act.  Such ratings will be submitted on *forms prescribed by the Director of Personnel* and will be *made by the department heads* or their supervising officers or both *in accordance with regulations prescribed by the Personnel Board.*  Such efficiency ratings shall constitute grounds for: Increase in the rate of compensation for employees . . . promotion, demotion, lay-off, transfer or dismissal.

1945 Ala. Act 248, § 17.  (Emphasis added).

Outlin asserts that § 17 of the Enabling Act requires JCPB to oversee the preparation of forms for annual performance reviews.  Because JCPB did not enable JCBH to give Outlin her performance reviews in 2003 and 2004, JCPB is liable at least in part for depriving Outlin of her procedural due process right.

JCPB counters that neither § 17 nor any other provision of the Enabling Act requires it to provide review forms or oversee the preparation of such forms for department heads.  The Court agrees that the Enabling Act does not require JCPB to provide forms of any kind to enable department heads to give performance evaluations.  While § 17 requires the Director of Personnel to "prescribe" forms

for evaluations, the language of the Act does not require the Director to make these forms available to department heads.  Under the Enabling Act, JCPB is responsible only for "prescrib[ing]" regulations for department heads to follow in giving performance reviews.  JCPB fulfilled this responsibility when it enacted Rule 8.2(c).

The department heads appear to be fully and finally responsible for following Rule 8.2(c) in giving performance reviews, not JCPB.  Outlin does not claim that the Personnel Director did not fulfill his or her duty by prescribing appraisal forms; instead, she claims that JCPB did not fulfill its duty by making these forms available to JCBH.  However, the court cannot find such a duty either clearly or implicitly in the Enabling Act or the Jefferson County Personnel Board Rules.  It is the responsibility of JCBH and other department heads to ensure that they have all the necessary materials to meet their responsibilities under Rule 8.2(c) and the Enabling Act.  Because JCBH did not meet this responsibility, it alone is potentially liable for failing to provide Outlin with evaluations during 2003 and 2004.

**IV     CONCLUSION**

Construing all facts in the light most favorable to Outlin, and accepting all well-pleaded factual allegations as true, the Court finds that Outlin has not shown

22

any set of facts that would entitle her to relief against JCPB for the 2003 and 2004

performance reviews and corresponding employment benefits that she seeks.

Consequently, JCPB's Motion to Dismiss Outlin's Amended Complaint against it

is due to be **GRANTED**.

A separate **ORDER** will be entered.

**DONE** this 19th day of September, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

23